## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| *VALERIE KINCAID-BOONE,* ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| *v.* ) | *Civil No. 08-211-B-W* |
| ) | |
| *MICHAEL J. ASTRUE,* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| *Defendant* ) | |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges that she is disabled by Sjögren Syndrome, fibromyalgia, chronic fatigue, migraine headaches, asthma, and hypothyroidism, is capable of performing work existing in significant numbers in the national economy.[2] I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520;[3] *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had the residual

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 20, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] The plaintiff's Sjögren Syndrome was characterized by dry eyes and a dry mouth. *See* Record at 14.

[3] The plaintiff's application for benefits was adjudicated pursuant to Part 405 of the commissioner's regulations, 20 C.F.R. §§ 405.1 to 405.725, which incorporates by reference certain regulations pertaining to Parts 404 (SSD benefits) and 416 (SSI benefits). *See, e.g.,* 20 C.F.R. §§ 405.1, 405.10, 405.101, 405.310. For ease of reference, I have cited directly to relevant incorporated regulations.

functional capacity ("RFC") to lift and carry 10 pounds occasionally and stand or walk for 30 minutes at a time for a total of less than two hours in an eight-hour workday, had to periodically alternate sitting and standing to relieve pain but could sit for most of the workday, was capable of pushing and pulling with the upper and lower extremities, reaching in all directions, reaching overhead, handling, fingering, balancing, stooping, kneeling, crouching, crawling, and climbing occasionally and feeling constantly, and needed to avoid concentrated exposure to dust, fumes, odors, chemicals, and gases, Finding 5, Record at 12; that, considering her age (a younger individual, age 38 at time of alleged onset of disability), education (college), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 16; and that she therefore was not disabled at any time from February 18, 2006, through the date of decision, Finding 11, *id*. at 17.[4]   The Decision Review Board declined to review the decision, *id*. at 3-5, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than

---

[4] The plaintiff met the insured-status requirements of the Social Security Act through December 31, 2010.  *See* Finding 1, Record at 12.

her past relevant work.   20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff complains that the administrative law judge failed to convey the full scope of her symptomatology to a vocational expert, undermining reliance on the vocational expert's testimony to meet the commissioner's Step 5 burden of proof.  *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (Docket No. 12) at 2-4.  I find no error.

## I. Discussion

The administrative law judge resolved a conflict in the evidence concerning the scope of the plaintiff's RFC in her favor, adopting the RFC opinion of treating sources Theresa Jacques, F.N.P., and David Preston, M.D., over those of Disability Determination Services ("DDS") non-examining consultants Gregory McCormack, M.D., a board-certified rheumatologist, and Donald Trumbull, M.D.  *See* Record at 15, 195-202 (Trumbull RFC opinion), 203-06 (Jacques RFC opinion), 207-10 (Jacques/Preston RFC opinion), 247-52 (McCormack RFC opinion).

For purposes of Step 5, the administrative law judge then relied on an opinion of a vocational expert, Jeff Blank, solicited in response to a written interrogatory from a Federal Reviewing Official who asked Blank to assume a claimant with an RFC consistent with that set forth by Dr. Preston.  *See id*. at 16-17, 53, 149-51; *compare id*. at 52, 149 *with id*. at 207-10.  A different vocational expert, Jane Gerrish, was present at the plaintiff's hearing before the administrative law judge on November 6, 2007.  *See id*. at 20.  The administrative law judge invited the plaintiff's counsel both to make an argument concerning the Blank report and to question Gerrish.  *See id*. at 41, 43.  The plaintiff's counsel argued that the RFC posited to Blank

omitted some of her limitations, including the full extent of her pain and fatigue. *See id.* at 42-43. However, he declined the opportunity to ask questions of Gerrish. *See id.* at 43. The administrative law judge did not question Gerrish, either. *See id.* at 43-44.

The plaintiff argues that the RFC posited to Blank omitted certain restrictions referenced in the Jacques/Preston RFC opinion, namely fatigue, limitation in her ability to write, and the fact that her arm pain occurs with minimal hand activity. *See* Statement of Errors at 3. She further complains that she had no opportunity to question Blank, that she had no opportunity to question Gerrish at her hearing because Gerrish did not testify, and that even if her counsel should have questioned Gerrish, the administrative law judge had an independent duty to develop the record by questioning Gerrish himself. *See id.*[5]

These plaints are without merit. The RFC posited to Blank by the Federal Reviewing Official is consistent with limitations set forth by Jacques and Dr. Preston, which in turn took into account the plaintiff's underlying pain and fatigue. *Compare* Record at 52, 149 *with id.* at 207-10. Even assuming *arguendo* that the RFC should have included Jacques' handwritten explanation that the plaintiff could reach, handle, and finger only occasionally because she had pain with upper-arm extension and with lifting objects and pain with writing, and her arm pain

---

[5] At oral argument, the plaintiff's counsel contended that the administrative law judge erred in relying on Blank's report because Blank did not have the benefit of new and material evidence submitted at the plaintiff's hearing, including her testimony. Counsel for the commissioner rejoined, *inter alia*, that the plaintiff had waived that issue by failing to raise it in her statement of errors. The plaintiff's counsel clarified that he referred not to newly submitted documentary evidence, but rather to the plaintiff's testimony at hearing. In her statement of errors, the plaintiff did make a passing reference to her hearing testimony, stating: "Without reference to the impairments identified in the record and testified about by [the plaintiff,] the vocational expert's opinion was based on incomplete information and therefore should not have been relied upon by the ALJ[.]" Statement of Errors at 3. Nonetheless, the plaintiff did not make clear that she complained of omission to relay to Blank any specific impairments beyond those mentioned in the Jacques/Preston RFC opinion. To the extent that she argues that the administrative law judge erred in finding any additional restrictions based on her testimony, the argument is waived. *See Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted). Further, as counsel for the commissioner pointed out at oral argument, the plaintiff's counsel urged the administrative law judge at hearing to adopt the Jacques/Preston RFC opinion. *See* Record at 41. He did so.

occurred with minimal hand activity, *see id.* at 209, the plaintiff does not explain how positing these more detailed limitations to either Blank or Gerrish might have undermined the administrative law judge's conclusion that she was capable of performing the representative jobs of information clerk, dispatcher, and customer complaint clerk, *see id.* at 16; Statement of Errors at 2-4.

Had the plaintiff's counsel chosen to question Gerrish, he might have developed evidence to make such a showing. His failure to do so cannot be laid at the feet of the commissioner. *See Faria v. Commissioner of Soc. Sec.*, No. 97-2421, 1998 WL 1085810, at *1 (1st Cir. Oct. 2, 1998) ("When a claimant is represented, the ALJ[] should ordinarily be entitled to rely on claimant's counsel to structure and present the claimant's case in a way that claimant's claims are adequately explored.") (citations and internal quotation marks omitted); *Heggarty v. Sullivan*, 947 F.2d 990, 997 (1st Cir. 1991) ("In most instances, where appellant himself fails to establish a sufficient claim of disability, the Secretary need proceed no further.") (citation and internal quotation marks omitted).

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.


## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.***

Dated this 30th day of March, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge